JANET E. JONES, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Jones v. Commissioner
Docket No. 22967-85.
United States Tax Court
T.C. Memo 1989-120; 1989 Tax Ct. Memo LEXIS 120; 56 T.C.M. (CCH) 1531; T.C.M. (RIA) 89120; March 23, 1989. Janet E. Jones, pro se. Richard A. Witkowski, for the respondent. HAMBLEN
MEMORANDUM OPINION HAMBLEN, Judge: This matter is before the Court as to whether this case should be dismissed for failure to comply with orders of the Court and decision entered against petitioner consistent with the findings of fact and opinion in Horn v. Commissioner,90 T.C. 908 (1988). Respondent determined a deficiency in petitioner's Federal income tax for the taxable year 1981 in the amount of $ 9,825, an addition to tax under section 6653(a) (1) [1] in the amount of $ 491.25, and an addition *121 to tax under section 6653(a)(2). Respondent additionally asserted that the entire underpayment for 1981 is a substantial underpayment attributable to tax motivated transactions under section 6621(d). [2]
Petitioner resided in Inglewood, California, on the date the petition was filed in this case. Respondent disallowed Schedule C mining losses in the amount of $ 50,300 claimed on petitioner's 1981 Federal income tax return. Of the $ 50,300 deduction, $ 25,150 pertained to petitioner's investment in the Alaskan Mining tax shelter and $ 25,150 pertained to her investment in the Lake Havasu Gold tax shelter. Prior to issuance of the statutory notice of deficiency, the parties executed a closing agreement wherein the Alaskan Mining issue was settled. Pursuant to that settlement, *122 respondent conceded for 1981 the portion of the additions to tax under sections 6653(a) (1) and 6653(a)(2) and the applicability of the increased rate of interest under section 6621(c) which are attributable to the Alaskan Mining tax shelter. Consequently, the issues remaining unresolved in this case pertain to the deductibility of $ 25,150 relating to the Lake Havasu Gold mining tax shelter, a portion of the additions to tax under sections 6653(a) (1) and 6653(a)(2) and the applicability of the increased rate of interest pursuant to section 6621(c). A brief review of the record of this case is appropriate. The petition in this case was filed on July 3, 1985. The petition contains a plethora of tax protester jargon such as, among others, questions asking (obviously another effort to assert) whether the Court or respondent can confirm ratification of the 16th Amendment to the Constitution of the United States, what basis does respondent have to determine income, what makes a private natural individual a taxpayer, etc., etc. Petitioner also asserts that this Court is not empowered to exercise jurisdiction in this case notwithstanding that petitioner asks the Court for relief from *123 the consequences of respondent's deficiency notice and for us to determine that the income tax is an excise tax. Suffice it to say, all of petitioner's tax protester allegations (or inquiries) are so frivolous they are not worthy of further comment. Rowlee v. Commissioner,80 T.C. 1111 (1983). Further, the petition does not meet the requirements of our Rules and, on timely and appropriate motion in that respect, would have been dismissed. See Rule 34(b). [3] Further, it is patent that petitioner is subject to sanctions for filing a petition with such tax protester averments. See Rule 33(b). Respondent timely filed his answer, and the case was noticed for trial at Pasadena, California, on January 11, 1988. It was continued on respondent's motion as the Lake Havasu Gold issue had been tried in the Horn case and was pending opinion. Thereafter, an order was issued on February 11, 1988, directing the parties either to stipulate to be bound by Horn or to file reports, jointly or separately, "stating specifically and with particularity" why this case should not be disposed of in *124 accordance with Horn. Petitioner did not file a report or otherwise respond to that order. Respondent, however, complied with our Order and filed his report with the Court on April 8, 1988. Respondent's report and exhibits disclose that all transactional aspects of petitioner's investment in Lake Havasu Gold are essentially identical to those before the Court in Horn.
Consequently, the Court on December 28, 1988, ordered petitioner to show cause in writing on or before February 28, 1989, why a decision should not be entered against her consistent with our findings of fact and opinion in Horn. The Court's said show cause order stated that: Said showing shall be in writing, served on respondent, and submitted to the Court and shall include: (1) A statement of the reasons why this case differs from the facts and circumstances found to exist in Horn v. Commissioner;
(2) An offer of proof setting forth the name, address, and expected testimony of all witnesses that petitioner would call at a trial of this case and listing, and briefly describing, all documents that petitioner would offer in evidence at a trial of this case; and (3) Identification and proposed *125 manner of disposition of any other unresolved issues in this case. Said order additionally directed respondent to provide to the Court a proposed computation for decision in this case consistent with the Court's findings of fact and opinion in Horn. In response, respondent submitted a computation and a proposed decision document. On February 17, 1989, the Court received a form of statement from petitioner relating that she would "like the Court to consider the differences between my [her] case and that of Horn" together with an ambiguous and totally irrelevant statement by one Wayne Phares concerning petitioner's involvement in his gold venture and some pictures and other irrelevant recitals. In Horn v. Commissioner,90 T.C. at 939 and 943, we held: From the record here we conclude, and find accordingly, that the promissory notes were shams, created to give the illusion of an indebtedness which in fact did not exist, and, as such, are to be disregarded for Federal income tax purposes. Capek v. Commissioner, [86 T.C. 14, 49 (1986)]. * * * For the reasons stated above, we have found that the Lake Havasu gold mine program *126 was a sham. The Supreme Court has held for many years that claims based upon unreal and sham transactions are not recognizable for tax purposes. See Gregory v. Helvering, [293 U.S. 465 (1935)]; Higgins v. Smith,308 U.S. 473 (1940); Knetsch v. Commissioner, [364 U.S. 361 (1960)]. Petitioners have not presented substantial authority for their position or shown that they reasonably believed that the tax treatment they claimed was more likely than not the proper tax treatments. Petitioner has not complied with orders of this Court. She in no way has stated the reason why her case differs from the facts and circumstances in Horn; she did not set forth the name, address and expected testimony of the witnesses to be called at trial; nor she did list and describe the documents she would offer into evidence at such trial. We find that her Lake Havasu Gold transactions are indistinguishable from and are controlled by Horn and that her case should be dismissed for failure to comply with orders of the Court. See Rule 123(b). Decision will be entered in accordance with respondent's computation. An appropriate order and *127 decision will be entered.
Footnotes
1. Unless otherwise indicated, section references are to the Internal Revenue Code of 1954, as amended and in effect for the taxable year in issue. ↩
2. The statutory notice of deficiency refers to sec. 6621(d). This section has been redesignated as sec. 6621(c), by sec. 1511(c)(1)(A) of the Tax Reform Act of 1986, Pub. L. 99-514, 100 Stat. 2744. We will hereinafter refer to this section as sec. 6621(c).↩
3. Rule references are to the Tax Court Rules of Practice and Procedure.↩